UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No.3:O5- 00214 |
| ) | |
| v. ) | Judge Campbell |
| ) | |
| GEORGIA K. McNISH ) | |

## PLEA AGREEMENT

The United States of America, through James K. Vines, United States Attorney for the Middle District of Tennessee, and Robert J. Washko, Assistant United States Attorney, and the defendant, Georgia K. McNish and the defendant's counsel, David Cooper, pursuant to Rule 11 of the Federal Rules of Criminal Procedure and governed in part by Rule 11(c)(1)(B), have entered into an agreement, the terms and conditions of which are as follows:

### Charges in This Case

1. Defendant acknowledges that she has been charged in the information in this case with one count of knowingly making a false statement in a United States Department Labor Report in order to conceal the fact that she had embezzled $10,000 of union funds in violation of Title 29 U.S.C. § 439 (b).

2. Defendant has read the charges against her contained in the information, and those charges have been fully explained to her by her attorney. Defendant fully understands the nature and elements of the crimes with which she has been charged.

### Charge[ to Which Defendant is Pleading Guilty

3. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Count

One of the information, which charges that she knowingly made a false statement in a report which was submitted to the Department of Labor in order to conceal that she had embezzled $10,000 in union funds in violation of Title 29 U.S.C. 439 (b).

## Penalties

4. The parties understand and agree that the offense to which defendant will enter a plea of guilty carries the following maximum terms of imprisonment and fines: Title 29 U.S.C. Section 439 (b) provides for a maximum term of imprisonment of 1 year, $100,000 fine, 1 year of supervised release, and a special assessment of $25.00.

## Acknowledgments and Waivers Regarding Plea of Guilty

## Nature of Plea Agreement

5. This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in the instant case.

6. Defendant understands that by pleading guilty she surrenders certain rights, including the following:

(a) If defendant persisted in a plea of not guilty to the charge against her, she would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

(b) If the trial is a jury trial, the jury would be composed of twelve lay persons selected at random. Defendant and her attorney would have a say in who the jurors would be by

2

removing prospective jurors for cause when actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent; that the government bears the burden of proving defendant guilty of the charge(s) beyond a reasonable doubt; that it could not convict defendant on the charge(s) in the indictment unless; after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt; and that it must consider each count of the indictment against defendant separately.

(c) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of defendant's guilt beyond a reasonable doubt.

(d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and her attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on her own behalf. If the witnesses for defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court.

(e) At a trial, defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify. If defendant desired to do so, she could testify on her own behalf.

7. Defendant understands that by pleading guilty she is waiving all the rights set forth in the prior paragraph. Defendant's attorney has explained those rights to her, and the consequences

3

of her waiver of those rights. Defendant further understands she is waiving all appellate trial issues that might have been available if she had exercised her right to trial.

8. The parties have no reason to believe that the defendant suffers from any mental health or physical problems that would affect her competency to plead guilty.

## Factual Basis

9. Defendant will plead guilty because she is in fact guilty of the charge contained in the information. In pleading guilty, defendant admits the following facts and that those facts establish her guilt beyond a reasonable doubt: The defendant Georgia K. McNish is a married white female with one son who is now 22 years old. She has no prior criminal arrests or convictions. At all times relevant to the charge, McNish was employed by the Saturn Corporation on the assembly line and also held the position of Secretary / Treasurer, a position of trust with Local 1853 of the United Auto Workers Union. In her capacity as Secretary / Treasurer, she was responsible for properly maintaining the union's business books and ledgers. McNish's duties, among others, included the duty to maintain proper records and to issue checks for the legitimate debts incurred by the union. After the close of each year, one of McNish's responsibilities included the preparation and filing of an Annual Labor Report with the United States Department of Labor.

In June, 2001 McNish was a single parent, had one son in college and was behind on her personal bills. On one occasion she was looking through the desk drawer of Ron Haskins, the union president, and noticed a blank check which he had signed. All properly issued checks required the signature of both the president and the secretary / treasurer. Although not in accordance with union policy and procedure, it was not uncommon for Haskins to sign blank checks to simplify day to day bill paying. McNish removed the check from the desk and completed it. The check was dated

4

June 29, 2001 and was made payable to Georgia McNish in the amount of $4,200.00. However, in the union's accounting records she made an entry that the check was issued as "reimbursement for office supplies" which was false in that the proceeds of the check were utilized by McNish solely for her personal use and benefit. Approximately six months later, on November 20, 2001 McNish again removed a blank signed check which she endorsed and used to pay the amount of $5,800.00 on her credit account at the Bank of America. However, she then recorded the purpose of the check as having been issued for "building and property construction".

In December, 2001 Connie Shrieves who worked at the union as a bookkeeper and assisted McNish with her duties, questioned McNish about the two improperly issued checks. At that time, McNish admitted to the improper use of the union's funds, but asked Shrieves not to say anything about it, and she would repay the union.

However, due to a lack of funds to repay the union, on March 19, 2002 the McNish signed and submitted a Labor Organization Annual Report to the United States Department of Labor which, among other things, falsely certified that she was not aware of any loss or shortage of funds.

In March, 2003, during a routine audit, the union discovered that McNish had embezzled $10,000 of union funds. McNish signed a written confession. Subsequently, McNish made complete restitution to the union in the amount of $10,000.

The matter was subsequently turned over to the Department of Labor which thereafter conducted it's own investigation.

5

10. This statement of facts is provided solely to assist the Court in determining whether a factual basis exists for defendant's plea of guilty. The statement of facts does not contain each and every fact known to the defendant and to the United States concerning the defendant's and/or others involvement in the offense conduct and other matters.

### Sentencing Guidelines Calculations

11. The parties understand that the Court will take account of the United States Sentencing Guidelines (hereinafter "U.S.S.G."), together with other sentencing goals, and will consider the U.S.S.G. recommended sentencing range in imposing defendant's sentence. The parties agree that the U.S.S.G. to be considered in this case are those effective November 1, 2001, and are advisory in nature.

12. For purposes of determining the U.S.S.G. recommended sentencing range, the United States and the defendant agree on the following points:

    (a) **Offense Level Calculations.**

    i. The base offense level for the charge contained in the Information is 6 pursuant to U.S.S. G. § 2B1.1(a).

    ii. The defendant acknowledges that the loss amount suffered is $10,000.00. Pursuant to § 2B1.1(b)(1)(B), a two point increase to the offense level is appropriate.

    iii. The defendant acknowledges that she held a position of trust as a union officer. Pursuant to § 3B1.3, a two level increase is appropriate.

6

iv. Assuming defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the government, through her allocution and subsequent conduct prior to the imposition of sentence, a 2-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a).

(b) **Criminal History Category.** Based upon the information now known to the government (including representations by the defense), the defendant has no relevant criminal history. The defendant therefore has a total of 0 Criminal History Points, resulting in a Criminal History Category of I.

(c) **Anticipated Sentencing Range.** Therefore, based on the facts now known, the parties agree that the offense level, without any downward adjustment is 10, which, combined with the anticipated Criminal History Category of I, would result in an anticipated recommended sentencing range of 6 to 12 months imprisonment and a fine range of $2,000 to $20,000 without reduction for acceptance of responsibility. The parties are in agreement that a reduction of two offense levels is warranted for acceptance of responsibility pursuant to Section 3E1.1 (a). Should the Court determine that a downward adjustment should be made for acceptance of the responsibility, the parties agree that the defendant's offense level will be a 8 which would result in a Zone A range which provides for a sentencing range of 0 to 6 months imprisonment and a fine range of $1,000 to $10,000. The Court also may impose an additional fine amount to cover all or part of the costs of any term of incarceration, supervised release, or probation ordered, as provided in U.S.S.G. § 5E1.2(d)(7).

13. This Plea Agreement is governed, in part, by Federal Rule of Criminal Procedure 11(c)(1)(B). That is, the parties understand and agree that either side shall have complete and unfettered right to address the court with respect to any aspect of what sentence the defendant should receive. If the Court accepts the agreed terms as set forth, the defendant may not withdraw this plea as a matter of right under Federal Rule of Criminal Procedure 11(d).

14. The parties agree that full restitution in the amount of $10,000.00 to the victim union has been paid in full.

15. Defendant agrees to pay the special assessment of $25.00 at or before the time of sentencing with a check or money order payable to the Clerk of the U.S. District Court.

## Presentence Investigation Report/Post-Sentence Supervision

16. Defendant understands that the United States Attorney's Office, in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing, shall fully apprise the District Court and the United States Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against her, as well as any related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

## Waiver of Appellate Rights

17. Defendant understands that she is waiving all appellate rights that might have been available if she had exercised her right to go to trial. It is further agreed that: (i) defendant will not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the Anticipated Guideline Range; and (ii) the government will not

8

Case 3:05-cr-00214 Document 11 Filed 02/15/06 Page 8 of 11 PageID #: 26

appeal any sentence within or above the Anticipated Guideline Range. This provision is binding on the parties even if the Court employs a U.S.S.G. analysis different from that previously set forth and agreed to. Such waiver does not apply, however, to a claim of prosecutorial misconduct , or ineffective assistance of counsel.

## Conclusion

18. Defendant understands that the information and this Plea Agreement will be filed with the Court, will become matters of public record, and may be disclosed to any person.

19. Defendant and her attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement, to cause defendant to plead guilty.

20. Defendant acknowledges that she has read this Plea Agreement and carefully reviewed each provision with her attorney. Defendant further acknowledges that she understands and voluntarily accepts each and every term and condition of this Agreement.

21. The parties agree that the defendant should be allowed to remain out on her present conditions of bond and should be allowed to self report to the designated correctional facility for the purpose of serving any period of imprisonment which may be imposed by the court. The parties understand that such agreement is not binding upon the court

22. The government will not oppose a request by the defendant that she be incarcerated at the closest federal prison facility for which her security clearance so qualifies her.

9

23. No promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement, and none will be entered into unless memorialized in writing and signed by all of the parties listed below.

24. <u>Defendant's Signature:</u> I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending information. Further, I fully understand all rights with respect to the provisions of the Sentencing Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this Plea Agreement, and I voluntarily agree to it.

Date: 2/15/06

Georgia K. McNish
Defendant

25. <u>Defense Counsel Signature:</u> I am counsel for the defendant in this case. I have fully explained to the defendant her rights with respect to the pending information. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements, and I have fully explained to the defendant the provisions of those guidelines that may apply in this case. I have reviewed carefully every part of this Plea Agreement with the defendant. To my knowledge, the defendant's decision to enter into this Plea Agreement is an informed and voluntary one.

Date: 2/15/06

David Cooper

Respectfully submitted,

JAMES K. VINES
United States Attorney for the
Middle District of Tennessee

Date: 15 Feb 06

*(signature)*
Robert J. Washko
Assistant U.S. Attorney

Date: 15 Feb 06

*(signature)*
Samuel Williamson
Deputy Chief

11